UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH COLEMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-00570** |
| **JUDGE JERMEINE WISHBERG** | **SECTION: "J"(3)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Keith Coleman, a state prisoner, filed this federal civil rights action pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

In this lawsuit, plaintiff claims that the defendant, Judge "Jermeine Wishberg,"[1] allowed plaintiff to be convicted based on insufficient evidence in his state criminal trial.  As relief, he seeks monetary damages.

**I.  Screening Standards**

Plaintiff filed this federal civil action *in forma pauperis*.  Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …

---

[1] Although the Court cannot be certain, it appears that plaintiff may be attempting to name retired Orleans Parish Criminal District Court Judge Jerome Winsberg.

>   (i)  is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law similarly requires:

>   On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations

must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the undersigned recommends that the complaint be dismissed for the following reasons.

## II.  Plaintiff's Claim

As noted, in this lawsuit plaintiff claims that the defendant allowed him to be convicted based on insufficient evidence in his state criminal trial.

To the extent that plaintiff is seeking monetary damages with respect to his claim, that form of relief is generally available under § 1983.  However, it is not available in the instant case because the defendant is the state judge who presided in plaintiff's criminal proceedings.

Because the judge is a state official, any claim for monetary damages asserted against him in his official capacity is actually a claim against the state itself and, as such, is barred by the Eleventh Amendment.  See Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); Doris v. Van Davis, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009) ("A judgment against [the defendant state court judge] in her official capacity would be

---

[2] The Court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

satisfied out of the state treasury. La. Rev. Stat. Ann. § 13:5108.1. Therefore, any official-capacity claims against her are in reality claims against the state itself, and, therefore, are barred by the Eleventh Amendment."); see also Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").[3]

Further, any such claim asserted against the judge in his individual capacity is similarly barred by his absolute judicial immunity. See Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."); see also Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981) ("[W]e take as settled law the proposition that in the *vast* majority of § 1983 cases in which judges are named as defendants, judicial immunity will bar the action. Moreover, … we can envision no situation – where a judge acts after he is approached *qua* judge by parties to a case – that could possibly spawn a successful § 1983 suit."); Washington v. Louisiana, Civ. Action No. 09-3186, 2009 WL 2015556, at *5 (E.D. La. June 30, 2009); Wiggins v. Vondenstein, Civ. Action No. 06-10813, 2007 WL 203970, at *3 (E.D. La. Jan. 24, 2007).

To the extent that plaintiff is requesting any other form of relief based on his claim that he was wrongfully convicted based on insufficient evidence, he must seek such relief by filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or

---

[3] The Court additionally notes that a state official in his official capacity is not considered a "person" amenable to suit under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997); Boyd v. Lasher, Civ. Action No. 09-7645, 2010 WL 677663, at *2 (E.D. La. Feb. 24, 2010); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *5 (E.D. La. Aug. 17, 2009).

a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994). Moreover, it would be futile to construe the complaint in part as a federal habeas corpus petition for the following reasons.

An individual, such as plaintiff, who is confined pursuant to a state court judgment must first exhaust his remedies in the state courts before seeking habeas corpus relief in the federal courts. 28 U.S.C. § 2254(b)(1). "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

In Louisiana, the highest state court is the Louisiana Supreme Court. See La. Const. art. V, § 5(A). On January 31, 2019, the undersigned's staff contacted the Clerk of the Louisiana Supreme Court and confirmed that plaintiff had filed no applications whatsoever in that court concerning his state conviction and sentence. Therefore, he would not be entitled to federal habeas corpus relief at this time.[4]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint seeking relief pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

[4] Plaintiff may, of course, subsequently file a federal habeas corpus petition. However, he must first exhaust his remedies in the state courts, and any federal petition must be filed in a timely manner in accordance with federal law.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of February, 2019.

                                                        _____
                                                        **DANA M. DOUGLAS**
                                                        **UNITED STATES MAGISTRATE JUDGE**